**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Katina Marie Turki,<br><br>                  Debtor. | C/A No. 23-01541-EG<br><br>Chapter 7<br><br>**ORDER SUSTAINING LANDLORD'S OBJECTION TO DEBTOR'S CERTIFICATION** |

**THIS MATTER** comes before the Court upon the Initial Statement of Eviction Judgment ("Initial Statement"), filed by Katina Marie Turki ("Debtor"), *pro se*, on May 30, 2023.[1] Sterling Enterprises ("Landlord") filed an Objection to Debtor's Certification ("Objection") and request for an emergency hearing on the Objection on June 1, 2023.[2] An emergency hearing was held on June 7, 2023 in Charleston, which was attended by counsel for Landlord and Landlord's representative.[3] Despite proper service,[4] no appearance was made by or on behalf of Debtor.[5] The Court has jurisdiction over this core matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, which is made applicable to this matter by Fed. R. Bankr. P. 7052 and 9014(c).

---

[1] ECF No. 5.
[2] ECF No. 18.
[3] Order and Notice of Emergency Hearing, ECF No. 22, filed June 1, 2023. Pursuant to 11 U.S.C. § 362(l)(3)(A), an emergency hearing was proper to determine whether disclosures made by Debtor were accurate and whether the automatic stay is applicable.
[4] ECF No. 34.
[5] Debtor filed requests to appear remotely on the eve of the hearing, which were denied. *See* ECF Nos. 37, 39, 40, and 45. Debtor called the Clerk's Office prior to the hearing on June 7, 2023 to ensure that the Court had received the documents she had submitted, filed at ECF No. 41, because she wanted the Court to take those documents into consideration even if her appearance was denied. The Court has reviewed those documents and taken them into consideration, but they do not change the Court's ruling for the reasons set forth in this Order.

**FINDINGS OF FACT**

Debtor and her son occupy the residence at 153 Pine Shadow Lane, Goose Creek, SC 29445 ("Residence"), under a residential lease agreement between Debtor and Landlord.[6] Due to Debtor's failure to make rent payments, Landlord commenced eviction proceedings against Debtor by filing a Rule to Vacate or Show Cause with the Goose Creek Magistrate in Berkeley County on March 24, 2023, Case No. 2023-CV-0810601388.[7] Debtor failed to respond to the Rule to Vacate or Show Cause, and the Magistrate issued a Writ of Ejectment on April 14, 2023. The Writ of Ejectment ordered the Sheriff or Magistrate's Constable to serve Debtor with the Writ of Ejectment, provide her with 24 hours to voluntarily vacate the premises, and upon her failure to vacate within that period, to remove from the premises any occupants and all items of personal property found on the premises.[8]

On April 21, 2023, Debtor filed an appeal of the Writ of Ejectment in the Court of Common Pleas, Berkeley County, South Carolina (Case No. 2023-CP-08-01158).[9] In the appeal, Debtor claimed that she had paid a total of $7,700 in rent since moving into the home in mid-February of 2023, and that the Landlord was not communicating with her properly. The Court of Common Pleas set a hearing on the appeal for May 23, 2023.[10] Within five (5) days of filing the appeal of the Writ of Ejectment, Debtor was required to pay a bond to Landlord in the amount of $1,850.00 to stay the execution of ejectment pursuant to South Carolina Code Ann. § 27-37-130.[11] The bond payment was not timely received, and Landlord filed a Certificate of Non-Compliance with the Court of Common Pleas. Based on Debtor's

---

[6] Chapter 7 Voluntary Petition, ECF No. 1, Filed May 30, 2023; Schedule J, ECF No. 9, filed May 30, 2023.
[7] ECF No. 18.
[8] ECF No. 18, Ex. 4.
[9] *Id.*
[10] ECF No. 35, filed June 5, 2023.
[11] ECF No. 35, filed June 5, 2023.

non-compliance with the requirement to pay the bond, the Magistrate filed a request for dismissal on May 25, 2023, and the appeal was dismissed by order entered on May 31, 2023.[12]

In an effort to stop or delay the eviction, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 30, 2023,[13] *pro se,* and then emailed the Berkeley County Magistrate Court to notify it of the bankruptcy filing and request a stay of the eviction proceedings. That same day, Debtor filed the Initial Statement, using Official Form 101A, wherein she claims (1) to have the right to stay in her residence by paying Landlord the entire delinquent amount and (2) to have provided the bankruptcy clerk a deposit for the rent that would be due during the 30-days after filing for Chapter 7.[14] As of the date of this Order, the Court has not received any deposit from Debtor. The Clerk of Court issued a deficiency notice on May 31, 2023 based on Debtor's failure to (1) attach the judgment of possession or eviction judgment against the Debtor, (2) file a certificate of service to Landlord and (3) submit the rent payment to the Court.

On June 1, 2023, Landlord filed the Objection to the Initial Statement and a motion for an expedited hearing on the Objection.[15] Also on June 1, 2023, the Court issued an Order and Notice of Emergency Hearing, setting a hearing for June 7, 2023, and all parties were served with notice of the hearing by 12:00 PM on June 2, 2023, as evidenced by the Affidavit of Service filed by Landlord on June 5, 2023.[16]

---

[12] ECF No. 18.
[13] ECF No. 1, filed May 30, 2023.
[14] ECF No. 5, filed May 30, 2023.
[15] ECF No. 20, filed June 1, 2023.
[16] ECF No. 22, filed June 1, 2023.

## CONCLUSIONS OF LAW

Landlord claims that Debtor failed to make accurate statements in the Initial Statement when she certified under penalty of perjury that (a) she has the right to stay in leased property by paying Landlord the entire delinquent amount; (b) that she has given the bankruptcy court the deposit for rent due 30 days after filing the voluntary petition; and (c) that she served Landlord with a copy of the Initial Statement. Landlord further claims that it obtained a Writ of Ejectment against Debtor prior to the filing of the bankruptcy case and the automatic stay is not applicable due to Debtor's failure to comply with 11 U.S.C. § 362(*l*)(1). Landlord asserts that Debtor has no right to stay in the property by paying Landlord the entire delinquent amount and that the exception set forth in 11 U.S.C. § 362*(l)*(1) to § 362(a)(22) should not apply because no funds have been deposited with the Court. Landlord requests an order determining that the automatic stay was never in effect to stay the eviction proceedings.

"Under the Bankruptcy Code, eviction proceedings against a debtor are generally enjoined by the automatic stay under § 362(a)(3), which provides that 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate' is stayed." *In re Arrieta,* 612 B.R. 342, 346 (Bankr. D.S.C. 2020); 11 U.S.C. § 362(a)(3). However, the Bankruptcy Code provides an exception under 11 U.S.C. § 362(b)(22) for "the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor . . . ." Nevertheless, even if the exception applies, the Code may permit a debtor to obtain the temporary protection of the automatic stay for a 30-day

4

period (with the possibility of obtaining an extended stay)[17] by following the procedure set forth in 11 U.S.C. § 362(*l*).  Section 362(*l*) sets forth a two-step process.  In the first step, Debtor may obtain the temporary 30-day stay by filing with the petition and serving on the landlord an initial certification indicating that: (1) the debtor has deposited with the Clerk of Court any rent that will become due within the first 30 days after the petition is filed, and (2) there are circumstances under non-bankruptcy law in "which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession after that judgment for possession has been entered . . . ." S.C. Local Bankruptcy Rule 4001-5 provides that "[p]ursuant to 11 U.S.C. § 362(*l*), if the debtor is depositing rent with the Court, the debtor must remit to the Clerk of Court simultaneously with the filing of the petition: (a) A cashier's check, certified check, or money order, made payable to the lessor indicated on the debtor's Initial Statement About an Eviction Judgment, in the amount of such rent; and (b) a copy of the applicable judgment for possession."  The 30-day grace period provided by 11 U.S.C. § 362(*l*)(1) is only available to those debtors who file the necessary certification.  *See In re Simone,* No. 21-30867, 2021 Bankr. LEXIS 3303, at *9-10 (Bankr. D. Conn. Dec. 3, 2021).  With that said, a debtor cannot simply file a certificate and check the boxes to get the protection of the automatic stay.  The requirements of § 362(*l*)(1) must be satisfied.  Here, Debtor filed the certificate, but the statements were not true.

---

[17] If the temporary 30-day stay is obtained, the debtor may then seek application of the stay for the entirety of the case through the second step of the process provided in § 362(*l*)(2), which states that the exception to the automatic stay under § 362(b)(22) shall not apply for the entirety of the case (unless otherwise ordered by the Court) if within the first 30 days after the filing of the petition, the debtor: (1) complies with the initial certification process under § 362(*l*)(1), (2) cures the entirety of the monetary default that resulted in the judgment of possession, and (3) files a further certification with the Court that the cure payment has been made to the landlord. The failure to file this further certification results in the application of the exception to the automatic stay under § 362(b)(22) upon the 30th day after the filing of the petition, which would allow the landlord to resume eviction proceedings.

The landlord may then contest the debtor's certification by filing an objection under 11 U.S.C. § 362(*l*)(3), and the Court must hold a hearing to determine if the certification filed by the debtor is true. "If the Court finds the debtor's certification is not true, the exception to the automatic stay under § 362(b)(22) becomes effective immediately, and the landlord is permitted to complete the process of obtaining full possession of the residential property." *Arrieta,* 612 B.R. at 347.

In this case, Debtor has filed the Initial Statement asserting that she maintains the right to cure the default underlying the Writ of Ejectment and that she has submitted funds for the fully monthly rent due in the thirty days after the bankruptcy petition is filed. However, it appears that both assertions lack merit. Debtor's lease with Landlord appears to have been properly terminated for nonpayment under South Carolina law. The Magistrate issued a valid Writ of Ejectment on April 14, 2023, prior to the filing of the Petition, and Debtor's attempt to appeal the Writ of Ejectment, filed April 23, 2023, was unsuccessful due to her failure to pay the bond payment within five days. Under South Carolina Code Ann. § 27-37-130, an appeal in an ejectment case will not stay ejectment unless at the time of appealing the tenant shall give an appeal bond for an amount set by the Magistrate. If the tenant fails to make the Bond for Stay payment within five days after service of the notice of appeal, such appeal *shall be dismissed* by the Magistrate. Therefore, the Writ of Ejectment issued by the Magistrate on April 14, 2023 was not stayed by Debtor's appeal making the ejectment an exception to the automatic stay as a "continuation" of an eviction under §362(b)(22). The Court has been unable to identify any statutory provision under South Carolina law that requires a landlord to accept a cure of the unpaid rents after the issuance of a writ of ejectment. *See Arrieta,* 612 B.R. at 348 (finding no statutory provision that would require the Landlord to accept a cure

6

after issuance of a writ of ejectment and noting that under South Carolina law, "a landlord is under no obligation to accept a late rent payment"). There is no evidence in the record indicating that Debtor had a right to require the Landlord to accept the delinquent amounts after the Magistrate issued the Writ of Ejectment. Further, Debtor did not make a deposit of rent with the Clerk of Court, thus failing to satisfy § 362(*l*)(1)(B) and SC LBR 4001-5. Debtor bears the burden to establish imposition of a stay under 11 U.S.C. § 362(*l*), and has failed to do so. *In re Maggiore,* No. 16-60234, 2016 Bankr. LEXIS 972, at *9 (Bankr. N.D. Ohio Mar. 29, 2016). The Court finds that Debtor's failure to comply with the statutory requirements under § 362(*l*) made the exception in § 362(b)(22) immediately applicable. *Id.; In re Simone,* No. 21-30867, 2021 Bankr. LEXIS 3303, at *9-10 (Bankr. D. Conn. Dec. 3, 2021) ("If the court sustains a lessor's objection the stay exception under § 362(b)(22) shall apply immediately and the lessor may proceed to recover possession of the property without seeking relief from the stay."). Accordingly, the automatic stay does not apply to Debtor's interest in the Residence and Landlord may proceed with recovering possession of this property.

For the reasons stated on the record at the hearing, all other requests for relief in the Objection are denied.

## CONCLUSION

Based on the foregoing, the Court sustains and upholds the Landlord's Objection to Debtor's Initial Statement. Therefore, pursuant to 11 U.S.C. § 362(l)(3)(B)(i), the exception to the automatic stay provided under 11 U.S.C. § 362(b)(22) is immediately applicable, the automatic stay of 11 U.S.C. § 362(a) did not arise as to the Residence, and Landlord may complete the process to recover full possession of the Residence from Debtor under state law. Pursuant to 11 U.S.C. § 362(l)(3)(B)(ii), the Clerk of Court is directed to immediately serve a

certified copy of this Order upon Landlord and Debtor.  All other requests for relief in the Objection are denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/09/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 06/09/2023