## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number:  **23-01541-eg**

## ORDER

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**06/16/2023**



Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 06/16/2023

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 23-01541-EG |
| Katina Marie Turki, | Chapter 7 |
| Debtor(s). | **ORDER DENYING *MOTION TO STAY PENDING APPEAL* AND *MOTION FOR HEARING*** |

**THIS MATTER** is before the Court on the *Motion to Stay Pending Appeal*[1] ("Stay Motion") and the *Motion for Hearing* filed by Katina Marie Turki ("Debtor").[2]  The Stay Motion requests this Court stay the Order Sustaining Landlord's Objection to Debtor's Certification (ECF No. 53) entered on June 9, 2023 (the "Order") pending appeal to the U.S. District Court for the District of South Carolina (the "U.S. District Court"), and the *Motion for Hearing* requests an expedited hearing thereon.  Sterling Enterprises ("Landlord") filed an Objection to these motions.[3]  The Court has jurisdiction over this core matter pursuant to 28 U.S.C. §§ 157 and 1334 and pursuant to the Federal Rules of Bankruptcy Procedure, this Court can decide the Stay Motion even if the Order at issue is currently on appeal before the U.S. District Court.[4]

## FACTUAL BACKGROUND[5]

Debtor and her son occupy the residence at 153 Pine Shadow Lane, Goose Creek, SC 29445 ("Residence"), under a residential lease agreement between Debtor and Landlord.  Due to Debtor's failure to make rent payments, Landlord commenced eviction proceedings against Debtor by filing a Rule to Vacate or Show Cause with the Goose Creek Magistrate in Berkeley County on March

---

[1] ECF No. 75, filed June 15, 2023.
[2] ECF No. 76, filed June 15, 2023.
[3] ECF No. 77.
[4] Debtor may also request relief from the U.S. District Court given that the appeal is pending there.  *See* Fed. R. Bankr. P.8007(b).
[5] The first four (4) paragraphs of the Factual Background section are adapted from factual findings in the Order, the findings of fact and conclusions of law of which are hereby adopted and incorporated herein by reference.

24, 2023, Case No. 2023-CV-0810601388.  Debtor failed to respond to the Rule to Vacate or Show Cause, and the Magistrate issued a Writ of Ejectment on April 14, 2023.  The Writ of Ejectment ordered the Sheriff or Magistrate's Constable to serve Debtor with the Writ of Ejectment, provide her with 24 hours to voluntarily vacate the premises, and upon her failure to vacate within that period, to remove from the premises any occupants and all items of personal property found on the premises.

On April 21, 2023, Debtor filed an appeal of the Writ of Ejectment in the Court of Common Pleas, Berkeley County, South Carolina (Case No. 2023-CP-08-01158).  In the appeal, Debtor claimed that she had paid a total of $7,700.00 in rent since moving into the home in mid-February of 2023, and that the Landlord was not communicating with her properly.  The Court of Common Pleas set a hearing on the appeal for May 23, 2023.  Within five (5) days of filing the appeal of the Writ of Ejectment, Debtor was required to pay a bond to Landlord in the amount of $1,850.00 to stay the execution of ejectment pursuant to South Carolina Code Ann. § 27-37-130.  The bond payment was not timely received, and Landlord filed a Certificate of Non-Compliance with the Court of Common Pleas.  Based on Debtor's non-compliance with the requirement to pay the bond, the Magistrate filed a request for dismissal on May 25, 2023, and the appeal was dismissed by order entered on May 31, 2023.

To stop or delay the eviction, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 30, 2023, *pro se,* and then emailed the Berkeley County Magistrate Court to notify it of the bankruptcy filing and request a stay of the eviction proceedings.  That same day, Debtor filed an Initial Statement of Eviction Judgment (ECF No. 5) ("Initial Statement"), using Official Form 101A, wherein she claims (1) to have the right to stay in her residence by paying Landlord the entire delinquent amount and (2) to have provided the

bankruptcy clerk a deposit for the rent that would be due during the 30-days after filing for Chapter 7. As of the date of the Order, the Court had not received any deposit from Debtor. The Clerk of Court issued a deficiency notice on May 31, 2023 based on Debtor's failure to (1) attach the judgment of possession or eviction judgment against the Debtor, (2) file a certificate of service to Landlord and (3) submit the rent payment to the Court.

On June 1, 2023, Landlord filed an Objection to the Initial Statement and a motion for an expedited hearing on the Objection. Also on June 1, 2023, the Court issued an Order and Notice of Emergency Hearing, setting a hearing for June 7, 2023, and all parties were served with notice of the hearing by 12:00 PM on June 2, 2023, as evidenced by the Affidavit of Service filed by Landlord on June 5, 2023. After the hearing, the Court issued the Order.

In the Order, the Court held that the exception to the automatic stay provided under 11 U.S.C. § 362(b)(22) was immediately applicable in this case, the automatic stay of 11 U.S.C. § 362(a) did not arise as to the Residence, and Landlord could complete the process to recover full possession of the Residence from Debtor under state law. On June 9, 2023, Debtor filed a Notice of Appeal to the U.S. District Court, appealing the Order.[6] Debtor did not remit the $298.00 filing fee required by 28 U.S.C. § 1930 for which a Deficiency Notice was issued.[7] On June 13, 2023, a Transmittal of Notice of Appeal to District Court (Case No. 23-cv-02632) was entered by the Court.[8]

The Court's internal records reflect that on June 14, 2023, Debtor spoke with Clerk's Office staff several times over the phone. In the course of those conversations, Debtor stated that she was in the process of being evicted and the sheriff told her the Magistrate Court had not received a

---

[6] ECF No. 67.
[7] ECF No. 68. *See also* Deficiency Notice at ECF No. 70 (request for jury did not contain wet signature).
[8] ECF No. 72.

copy of the appeal papers and requested that the Court forward the documents to the Magistrate

Court. On June 15, 2023, the Clerk of Court received a call from the general counsel for the

sheriff's department requesting he confirm that Debtor had not filed a motion to stay pending

appeal. Given that no such motion had been received at that time, the Clerk confirmed that it had

not been received. Later that day, at 2:35 p.m., Debtor filed the Stay Motion and the *Motion for

Hearing*, and the Landlord filed an Objection thereto.

The Stay Motion requests this Court stay the Order pending appeal to the U.S. District

Court. In support of this request, the Stay Motion asserts that, in entering the Order, the Court did

not consider the documentation Debtor submitted in support of her request to stay eviction,

including a letter confirming that the Debtor was receiving unemployment benefits and the dates

of receipt, a letter from the Debtor's previous employer confirming her last day of work and the

reason for separation, all paystubs from unemployment, and a letter from the Debtor's new

employer confirming the start date and date of her first paycheck. Further, the Stay Motion asserts

that if the Order is not stayed, the Debtor will suffer irreparable harm because she and her son

"will be without shelter and all belongings will be lost" and that staying the Order will not cause

undue harm or prejudice to Landlord. The Stay Motion also asserts that "an appeal is still pending

in the circuit court" but later admits that it was dismissed the day following the bankruptcy filing.

The *Motion for Hearing* requests an expedited hearing on the Stay Motion. In support of

this request, Debtor asserts a hearing will allow her "to present additional evidence and legal

arguments in support of the stay and will provide the court with an opportunity to hear from both

parties and make an informed decision."

Landlord's Objection to the Stay Motion and the *Motion for Hearing* contends that the Stay

Motion was "filed solely in an attempt to further delay her eviction", that Debtor continues to make

4

misrepresentations to the Court to continue to occupy the Residence without paying rent, and that

Debtor's case should be dismissed due to multiple deficiencies.  Further, the Landlord asserts that

it has incurred significant costs in lost rent and in attempting to evict Debtor from the Residence.

### DISCUSSION & CONCLUSIONS

Though not cited in the Stay Motion, the Stay Motion is presumably made pursuant to Fed.

R. Bankr. P. 8007,[9] which provides "[o]rdinarily, a party must move first in the bankruptcy court

for…a stay of a judgment, order, or decree of the bankruptcy court pending appeal[.]"  Fed. R.

Bankr. P. 8007(a)(1)(A).  Rule 8007 further provides that "[d]espite Rule 7062 and subject to the

authority of the district court, BAP, or court of appeals, the bankruptcy court may: (1) suspend or

order the continuation of other proceedings in the case; or (2) issue any other appropriate orders

during the pendency of an appeal to protect the rights of all parties in interest."  Fed. R. Bankr. P.

8007(e).  "The standard for determining stays pending appeal…requir[es] consideration of: '(1)

whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay

will substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies.'"  *In re Wellington*, 631 B.R. 833, 838-39 (Bankr. M.D.N.C. 2021) (quoting *Nken v.

Holder*, 556 U.S. 418, 434 (2009)).  "[A] court determines a stay pending appeal through a

balancing of the factors, such that a stronger showing on some of these prongs can make up for a

weaker showing on others."  *Id.* at 839 (internal quotation marks and citations omitted).

"While the factors may be balanced, the Supreme Court has reiterated that the first two

factors — likelihood of success and irreparable injury absent a stay — 'are the most critical.'"  *Id.*

---

[9] The Court notes that pursuant to Fed. R. Bankr. P. 4001(a)(3), a court's order granting relief from the stay is usually stayed until fourteen (14) days after the entry of the order granting such relief.  This section does not apply here as the stay was deemed to have not arisen as to the Residence in this case.

(quoting *Nken*, 556 U.S. at 434).  First, the movant must make a strong showing of likely success

on the merits, which requires more than simply reiterating arguments with which the Court has

already disagreed.  *Id.* at 839-40 (citations omitted).  Second, "the Fourth Circuit has emphasized

that irreparable injury must be more than monetary loss."  *Id.* at 843 (citing *Long v. Robinson*, 432

F.2d 977, 980 (4th Cir. 1970)).  "A stay is not a matter of right, even if irreparable injury might

otherwise result.  It is instead an exercise of judicial discretion, and the propriety of its issue is

dependent upon the circumstances of the particular case."  *Id.* at 838 (quoting *Nken*, 556 U.S. at

433).  "A stay pending appeal is considered 'extraordinary relief' for which the moving party bears

a 'heavy burden.'"  *Id.* (quoting *Covington v. North Carolina*, No. 1:15CV399, 2018 WL 604732,

at *3 (M.D.N.C. Jan. 26, 2018)).

Debtor has failed to meet her burden to show the Order should be stayed pending appeal

to the U.S. District Court, or that a hearing to consider this matter is necessary, for that matter.

While the Court acknowledges that Debtor will suffer more than pure monetary loss if eviction

proceeds, including the loss of the Residence and the need to find a new home, the Landlord has

already suffered significant damages in lost rent and attorney fees in pursuing eviction.  Landlord's

attempts to regain possession of the Residence have been thwarted at every turn by Debtor's

attempts to remain in the Residence without paying rent and misrepresentations to the Court that

she had remitted the rent required under the Bankruptcy Rule, which was never received by the

Clerk's Office despite Debtor's assurances that she was going to make such payment.  Further,

Debtor's failure to show likely success on the merits strongly weighs in favor of denying her

request.  The Court, in entering the Order, took account of all the evidence presented, including

the documents that Debtor submitted to the Court prior to the hearing.[10]  In the Stay Motion, Debtor

---

[10] *E.g.*, ECF No. 18.  *See* Order at fn. 5 ("Debtor called the Clerk's Office prior to the hearing on June 7, 2023 to
ensure that the Court had received the documents she had submitted, filed at ECF 41, because she wanted the Court

wrongly asserts that the Court failed to consider the evidence she had submitted, such as the letter regarding her unemployment confirming that Debtor was receiving benefits as well as other letters concerning her prior and current employment.  Those documents were considered in the Court's ruling in the Order.  Moreover, their relevancy was more appropriate for Debtor's application to pay the filing fees in installments, which was denied by Order entered on June 7, 2023.[11]  The Debtor did not present any new evidence or argument in the Stay Motion, and as noted above, "simply reiterating arguments with which the Court has already disagreed" is not sufficient. *Wellington*, 631 B.R. at 839-40.  At this point, the record is closed and an appeal is pending.  As to the fourth element, it does not appear that any public interest would be served by granting Debtor a stay of the Order granting relief from stay to pursue her appeal that, as discussed above, is highly unlikely to be successful.

**IT IS, THEREFORE, ORDERED:**

1. the *Motion to Stay Pending Appeal* and the *Motion for Hearing* filed by Debtor Katina Marie Turki are denied; and

2. the Clerk's Office shall serve a copy of this Order on the Debtor via mail and email, and via email on counsel for Landlord, Chapter 7 Trustee Kevin Campbell, and the United States Trustee.

**AND IT IS SO ORDERED.**

---

to take those documents into consideration even if her appearance was denied.  The Court has reviewed those documents and taken them into consideration, but they do not change the Court's ruling for the reasons set forth in the Order."

[11] *See* ECF No. 52.